MR
RECEIVED
LM
7/8/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURTS
NORTHERN DISTRICT, ILLINOIS
EASTERN, DIVISION

"Rev. Alaxstair reed"
PRO'SE Plaintiff
V.S.
DR. MATHEW .S. MARKOS, M.D.
Director of Cook County Forensic Clinical services
DR. Fidel Echevarria, M.D., Ph.D, Staff psychiatrist IN cook county Forensic clinical services
DR. Aqeel KHAN, staff psychiatrist At chester mental Health center
DR. SARAH ANDERSON, staff psychiatrist IN cook county Forensic clinical services
Defendants sue in Individual and personal capacity.

Civil NO.

JURY TRIAL DEMAND:

1:25-cv-07674
Judge Edmond E. Chang
Magistrate Judge Beth W. Jantz
RANDOM/Cat.3
PC4

COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE, RULE 8 (a), (1), (2), (3)

## The Parties

1.) Plaintiff Rev. Alaxstair Reed is an individual IN Custody at the cook county Department of Corrections (C.C.J.D.O.C) Located IN CHICAGO, IL.

2.) Defendant DR. MATHEW.S. MARKOS IS THE DIRector OF COOK County Forensic clinical Services located IN CHICAgo, IL, He is Sued IN His INdividual and PERSONAL CAPACITY.

3.) Defendant DR. Aqeel KHAN IS A STAFF PSYchiatrist employed BY Chester MENtal Health center located IN CHESTER, IL He is sued IN individual and PERSONAL CAPACITY.

4.) Defendant DR. Fidel ECHEVArria IS A StaFF PSYchiatrist employed BY Cook County FORENSIC clinical services, he is sued IN His INdividual and personal/personal capacity.

5. Defendant DR. SARAH ANDERSON is a STAFF PSYchiatrist employed BY COOK County FORENSIC clinical SERVICES, SHE is Sued IN Her INdividual and Personal CAPACITY.

# FACTS AT BAR

6.) ON 3/28/21, MR. REED WAS ARRSted And CHARged FOR Attempted MURder And AggRAVAted Battery.

7.) SUBSequently MR. Reed began to appeAR At court where he was represented By the Cook County PuBulic/PUBlic Defender's OFFice.

8.) Eventually the Judge Assigned to MR. Reed's CRiminal matter, Judge ANgela munari Petrone ordeRed FoR A Behavior Clinic Exam ("BCX") to be performed on 5/28/21.

9.) MR. Reed refused the aforementioned BCX.

10.) Following the refused, DR. ECHevarria SAt in ON MR. Reed's court proceedings on 7/30/21, And MAde an Obseration RegARding the proceeding.

11.) AFteR the 7/30/21, Proceeding, Their WAS ON 8/9/21, WAS A "Fitness Hearing" proceeding Where DR. ECHevarria testified to MR. Reed's Fitness to stand TRiAl, despite not having conducted a formal B.C.X.

12.) Moreover, on that same date Echevarria qualified as an expert in forensic psychiatry despite by his own admission not being board certified in forensic psychiatry.

13.) Indeed, this expert states was stipulated to Mr. Reed public defender, despite his objection.

14.) Following this expert certification, Echevarria testified to Mr. Reed being unfit to stand trial.

15.) Mr. Reed was later transferred to Chester mental health center on 12/14/21; and remained involuntarily housed therein until 3/9/22.

16.) Following his involuntary committed at Chester mental health center Mr. Reed transferred back to the C.C.D.O.C, where he remained until 3/8/23.

17.) After, 3/8/23 he was transferred back to Chester Mental Health Center where he Remained until 7/11/24 without an fitness hearing.

18.) ON 9/28/23, Khan testified to MR. REED's Mental Fitness to Stand TRIAl.

19.) KHAN, who is not board certified IN Forensic psychiatry, advanced His testimony despite this.

20.) As a Result of this testimony, MR. REED's Character PREJudiced.

21.) THe Above led to Anderson testifying Regarding MR. Reed's condition on 9/28/23 to rebut KHan's testimony.

22.) Indeed, Anderson's testimony resulted in MR. Reed's stay At chester Mental Health Center being extended.

23.) Like Khan, Anderson is not board certified in Forensic psychiatry; however, She was still certified As being an expert in forensic psychiatry By the court, despite Her Advancing that she was not, like Echevarria.

24.) MR. MARKOS DiRector of cook county Forensic services knowly Hire these Defendants despite them not Being Board certified In Forensic psychiatry.

## RULE OF LAW

25.) MR. REED's rights via the 8th Amendment And 14th Amendment OF the U.S. CONSTitution were Violated.

26.) Indeed, the 14th Amendment Articulate what An individual's rights to due Process are.

27.) MR. Reed's due Process Rights were Violated because his liberty WAS INFRinged upon due to his remaining in the custody OF Chester Mental Health Center, which WAS as A result OF the Defendant's testimony. EXHIBITS B#1 - B#5. EXHIBITS A#6 - A#8, A#9

28.) MOREOVER, to A reasonable person, the conduct OF the Defendants WAS extreme And outrageous and Indeed led to MR. Reed experiencing AN "SHOCK of conscience" and mental Anguish daily, As a result of the defendant's Actions.

## Relief Sought

29.) MR. Reed seeks Compensation And Compensatory DAMAGES to be made Whole Again.

30.) MR. Reed Seeks punitive DAMAGES to Punish And deter the Defendants from enjoying in the misconduct expressed in this Complaint.

# AFFIDAVIT

Under the Penalty of Perjury 735 ILCS IN 5/1-109, Complaint under Federal Rules of Civil Procedure, Rule 8 (a), (1), (2), (3), That I Alaxstair-Reed Has stated Facts concerning this complaint and Has Attached Exhibits As Evidences In Said forth matters of Cause For Preliminary Injunctions towards the defendants In sue. Done In good Faith.

Dated: 5/21/25,

/S/ Rev. alaxstair Reed
PROSE Plaintiff

# AFFIDAVIT

Under the penalty of perjury 735 ILCS 5/1-109; $ Prepaying Fees or Costs

I Alaxstair Reed PROSE Plaintiff IN Complaint under FEDERAL / FEDERAL Rules of Civil Procedure, Rule 8 (a), (1), (2), (3) concerning his Application of Waiver Filing Fees, The LAW LIBRARY forgot to Certificate my Application To Proceed without Prepaying Fees or costs / FINANCIAL AFFIDAVIT (Prisoner CASES). I Requested the LAW LIBRARian to come Back to date my Application and Sign it But, they Refused. I Am truely without FINANCIAL Aid to pay up Front.

Date: 5/21/25;

S/ Rev. alaxstair reed
PROSE Plaintiff

Rev. alaxstair - need

7/1/25;

Dear, Clerk can you please Foward copies back to me. I having problems with getting copies here, please and thank you.

I also, need [illegible] parties to be summons.

EXHIBITS A #6

STATE OF ILLINOIS )
) SS:
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-CRIMINAL DIVISION

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| Plaintiff, | ) | No. 21 CR 13729-01 |
| vs. | ) | No. 21 CR 063409-01 |
| ALAXSTAIR REED, | ) | |
| Defendant. | ) | |

REPORT OF PROCEEDINGS of the trial had before the Honorable ANGELA M. PETRONE, one of the Judges of said Criminal Division, heard on the 9th of August, 2021.

APPEARANCES:

HON. KIMBERLY M. FOXX,
State's Attorney of Cook County, by
MR. MAHA GARDNER,
Assistant State's Attorney,
Appeared on behalf of the People;

HON. SHARONE R. MITCHELL, JR.,
Public Defender of Cook County, by
MR. DAVID ROLECK,
Assistant Public Defender of Cook County,
Appeared on behalf of the Defendant.

*****

Auhdikiam Carney,
Official Court Reporter
Criminal Division #084-004658

 K

EXHiBits # A 7

THE COURT: Mr. Reed is present in court. State, your name for the record.

MS. GARDNER: Assistant State's Attorney Maha Gardner.

THE COURT: We have a report from Forensic Clinical Services.

MR. ROLECK: Assistant Public Defender David Roleck.

THE COURT: It does state that Mr. Reed is mentally unfit to stand for trial. Both sides asked for a hearing based on this report, is that correct?

MR. ROLECK: Yes.

THE COURT: Are both sides ready to proceed?

MR. ROLECK: Yes.

THE COURT: State, would you like to make an opening statement?

MS. GARDNER: No, Judge, we waive.

THE COURT: Defense?

MR. ROLECK: Waive.

MS. GARDNER: We call Dr. Echevarria.

(Witness sworn.)

X FIDEL ECHEVARRIA, M.D.,

called as a witness herein, having been first duly sworn, was examined and testified as follows:

Exhibits A #8

DIRECT EXAMINATION

BY

MS. GARDNER:

Q Doctor, can you please state and spell your name for the record?

A Fidel Echevarria, E-c-h-e-v-a-r-r-i-a

Q Doctor, where are you employed?

A Forensic Clinical Services.

Q In what capacity?

A I'm a staff psychiatrist.

Q How long have you been employed there?

A In September would be 19 years.

Q Are you licensed to practice psychiatry in the State of Illinois?

A Medicine, yes.

Q Are you board certified?

A In general psychiatry, not in forensic psychiatry.

MS. GARDNER: Judge, there is a stipulation between the parties that Dr. Echevarria would be qualified to render an opinion in the field of forensic psychiatry and we would ask that the doctor be able to testify as such.

THE COURT: I do find that Dr. Echevarria is an

EXHIBITS A #9

expert in psychiatry and in forensic psychiatry.

MS. GARDNER: Thank you, Judge. We would also ask that the doctor be able to refer to his notes, if needed.

THE COURT: Granted.

BY MS. GARDNER:

Q In this case were you asked to render an opinion regarding the defendant, Alaxstair Reed's, ability to stand trial?

A Yes, I was.

Q Do you see Mr. Reed in court today?

A I do, the young man sitting at defense counsel table with the tan DOC uniform.

THE COURT: The record will reflect the in-court identification of the defendant Alaxstair Reed.

MS. GARDNER: Thank you.

BY MS. GARDNER:

Q In preparation to evaluate this defendant, did review any records or documents?

A Yes. I reviewed on July 27th prior to observing Mr. Reed in court, I reviewed the treatment records from Cermack Hospital Cook County that covered from March 31st through May 25th of this

EXHIBITS B #1

STATE OF ILLINOIS )
) SS:
COUNTY OF C O O K )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CRIMINAL DIVISION

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff,

vs.

ALAXSTAIR REED, Defendant.

No. 21 CR 0634901
No. 21 CR 1372901

REPORT OF PROCEEDINGS at the hearing of the above-entitled cause before the Honorable Angela Munari Petrone, Judge of said Court, on the 28th day of September, 2023.

APPEARANCES:

HON. KIMBERLY M. FOXX,
State's Attorney of Cook County,
By: Mr. Jason Fisher,
Assistant State's Attorney,
on behalf of the People;

HON. SHARONE MITCHELL, JR.,
Public Defender of Cook County,
By: Mr. Sadim Memishi,
Assistant Public Defender,
on behalf of the Defendant.

Mary Woolsey, CSR No. 084-002894
Official Court Reporter
2650 South California, Room 4C02
Chicago, Illinois 60608

4.S.T

EXHIBITS B #2

ready to proceed?

MR. FISHER: State's ready.

MR. MEMISHI: Defense is ready.

THE COURT: State, do you wish to make an opening statement?

MR. FISHER: I do not. I would like to make a record that our first witness is doctor --

THE COURT: Just one moment. No opening statement?

MR. FISHER: No.

THE COURT: Does the Defense wish to make an opening statement?

X MR. MEMISHI: No, Judge. Waive.

THE COURT: Now go right ahead, counsel.

Red Flag Violation

* MR. FISHER: Thanks, Judge. I would like to make a record that Dr. Aqeel, A-q-e-e-l, Khan, K-h-a-n, is joining us via Zoom. This is by agreement of the parties that he may be permitted to testify remotely. Is that correct?

MR. MEMISHI: That's correct, Judge.

* THE COURT: And the Court said I would agree as well for the doctor's convenience because he's not in town.

MR. FISHER: That's correct.

EXHIBITS B #3

THE COURT: And, Doctor, thank you for your appearance.

THE WITNESS: You're welcome.

THE COURT: Whenever you're ready -- before anything, can I do a sound check. First of all, Ms. Reporter, how are you so far?

THE REPORTER: Sounds good.

THE COURT: With the Defense for hearing?

MR. MEMISHI: Yes, Judge.

THE COURT: Okay with the State?

MR. FISHER: Yes, Judge.

THE COURT: Please continue.

PERJURY VIOLATION

* AQEEL KHAN, M.D.,

called as a witness via Zoom on behalf of the People of the State of Illinois, having been first duly sworn, was examined and testified as follows:

DIRECT EXAMINATION

BY MR. FISHER:

Q. Dr. Khan, if you can speak slowly and clearly just so we can get the best audio possible. Okay?

A. Sure.

Q. All right.

A. Thank you.

EXHibits B# 4

Q. Could you please introduce yourself to the Court by stating and spelling your name.

A. Good morning. I'm Dr. Aqeel Khan, A-q-e-e-l, Khan, K-h-a-n.

Q. And who do you work for?

A. I am working for Chester Mental Health Center.

Q. How long have you worked there?

A. Almost three years.

Q. And could you tell us a bit about your education.

Lie

X A. I have a four-year residency in psychiatry, one year residency in geriatric psychiatry, and I'm triple board certified in general psychiatry, geriatric psychiatry, and addiction medicine.

Violation ? Witness

X THE COURT: Can you please repeat that.

BY MR. FISHER:

Q. Could you say that one more time a little more slowly, please.

THE COURT: Thank you very much.

Lie

THE WITNESS: Okay. I have five-year residency, four-year general residency -- psychiatry residency and one year fellowship. I am board certified in geriatric psychiatry, general psychiatry, and

EXHIBITS B#5

addiction medicine. That's triple board certified.

THE COURT: Thank you.

MR. FISHER: Thank you.

BY MR. FISHER:

Violation

Q. Have you testified in court before?

A. Yes.

Q. Have you been qualified as an expert before?

A. Yes.

Q. Could you estimate how many times?

OK

A. Multiple times. Hundred times.

MR. FISHER: I would ask that Dr. Khan be qualified as an expert in the field of forensic psychiatry.

MR. MEMISHI: No objection.

Lie

THE COURT: Dr. Khan is an expert in forensic psychiatry.

MR. FISHER: I would ask that the Court permit Dr. Khan to use his reports and his notes during his testimony today.

MR. MEMISHI: No objection.

THE COURT: Granted.

MR. FISHER: Thank you.

BY MR. FISHER:

rev.
ame: alaxstair-reed A.R.R. U.C.C. 1-307 Without Prejudice 1-308
#: 20210331066
iv.: 08 Tier:
O. Box 089002
hicago, IL 60608

quadient
FIRST-CLASS MAIL
IMI
$001.53
07/02/2025 ZIP 60608
043M31244814
US POSTAGE

RECEIVED
JUL 08 2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

07/08/2025-33

OFFICE OF
CLERK OF THE U.S. DISTRICT COURT
UNITED STATES COURTHOUSE

219 SOUTH DEARBORN STREET
CHICAGO, IL 60604

7/1/25: